# UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

In re ___Francine Rozier_____,     Case No. ___12-64706_____

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

___CVI Loan GT Trust I_____      ___CitiFinancial, Inc._____
Name of Transferee                          Name of Transferor

Name and Address where notices to transferee    Court Claim # (if known): ___9_____
should be sent:                                  Amount of Claim: _____13811.82_____
    CVI Loan GT Trust I                  Date Claim Filed: _____04/17/2013_____
    c/o Resurgent Capital Services
    PO BOX 10587
    Greenville, SC 29603-0587

Phone: ___877-264-5884_____      Phone: _____
Last Four Digits of Acct #: ____0768_____   Last Four Digits of Acct. #: ___0768_____

Name and Address where transferee payments
should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #:_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:_____/s/ Susan Gaines_____     Date:_____1/15/2014_____
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## ASSIGNMENT AND ASSUMPTION AGREEMENT

ASSIGNMENT AND ASSUMPTION AGREEMENT, dated as of July 24, 2013 among CitiFinancial Credit Company, a Delaware corporation ("**Seller**"), each of the entities listed on Annex I hereto (each, including Seller, a "**Transferor**" and collectively with Seller, "**Transferors**") and CVI Loan Trust I, a Delaware statutory trust ("**LT**") and CVI Loan GT Trust I, a Delaware statutory trust ("**GT**" and, together with LT, the "**Buyers**").

### W I T N E S S E T H :

WHEREAS, the Buyers and Seller have concurrently herewith consummated the purchase by the Buyers of the Purchased Assets pursuant to the terms and conditions of the Receivables Purchase Agreement dated July 18, 2013 between LT and Seller (the "**Receivables Purchase Agreement**"; terms defined in the Receivables Purchase Agreement and not otherwise defined herein being used herein as therein defined);

WHEREAS, LT owns the Purchased Receivables that are set forth on Schedule 1(a) hereto (the "**LT Purchased Receivables**") and GT owns the Purchased Receivables that are set forth on Schedule 1(b) hereto (the "**GT Purchased Receivables**");

WHEREAS, pursuant to the Receivables Purchase Agreement, the Buyers have agreed to assume certain liabilities and obligations of Transferors with respect to the Purchased Assets;

NOW, THEREFORE, in consideration of the sale of the Purchased Assets and in accordance with the terms of the Receivables Purchase Agreement, the Buyers and each Transferor agree as follows:

1.      (a)      Each Transferor does hereby sell, transfer, assign and deliver (i) to LT, all of the right, title and interest of such Transferor in, to and under the Purchased Assets sold by such Transferor pursuant to the Receivables Purchase Agreement and relating to the LT Purchased Receivables and (i) to GT, all of the right, title and interest of such Transferor in, to and under the Purchased Assets sold by such Transferor pursuant to the Receivables Purchase Agreement and relating to the GT Purchased Receivables.

(b)      (i) GT does hereby accept all the right, title and interest of the Transferors in, to and under all of the Purchased Assets relating to the GT Purchased Receivables (except as aforesaid) and GT assumes and agrees to pay, perform and discharge promptly and fully when due all of the Assumed Liabilities relating to the GT Purchased Receivables.

(ii) LT does hereby accept all the right, title and interest of the Transferors in, to and under all of the Purchased Assets relating to the LT Purchased Receivables (except as aforesaid) and LT assumes and agrees to pay, perform and discharge promptly and fully when due all of the Assumed Liabilities relating to the LT Purchased Receivables.

2.     (a)     Nothing contained herein shall relieve LT of its obligations under the Receivables Purchase Agreement, and accordingly, LT hereby assumes and agrees to pay, perform and discharge promptly and fully when due all of the Assumed Liabilities that are not assumed pursuant to Section 1(b) above or that are not paid, performed and discharged promptly and fully when due pursuant to Section 1(b) above. Nothing herein shall enlarge, alter or change any obligation of any party under the Receivables Purchase Agreement.

(b)     GT hereby agrees to be bound by all of the obligations of LT set forth in the Receivables Purchase Agreement as if it were the Buyer thereunder in respect of the GT Purchased Receivables.

3.     This Agreement shall be governed by and construed in accordance with the law of the State of New York, without regard to the conflicts of law rules of such state.

4.     This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

[*Remainder of page intentionally left blank*]

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed as of the day and year first above written.

CVI LOAN TRUST I

By:    U.S. Bank National Association, solely in its capacity as trustee

By:    _[signature]_
Name:    Becky Warren
Title:    Vice President


CVI LOAN GT TRUST I

By:    U.S. Bank National Association, solely in its capacity as trustee

By:    _[signature]_
Name:    Becky Warren
Title:    Vice President


[Signature Page to Assignment and Assumption Agreement]

CITIFINANCIAL CREDIT COMPANY

By: _____

Name: Laurie A. Hesslein
Title: Executive Vice President

[Signature Page to Assignment and Assumption Agreement]

CITIFINANCIAL CORPORATION, a
Colorado corporation

By: _____
    Name: Linda S. Davis
    Title:   Vice President and
           Secretary

[Signature Page to Assignment and Assumption Agreement]

CITIFINANCIAL CORPORATION,
LLC, a Delaware limited liability
company

By: _____
Name:  Linda S. Davis
Title:  Vice President and
Secretary

[Signature Page to Assignment and Assumption Agreement]

CITIFINANCIAL COMPANY, a
Delaware corporation

By: _____
    Name:   Linda S. Davis
    Title:  Vice President and
            Secretary

CITIFINANCIAL, INC., an Iowa
corporation

By: _____
    Name:  Linda S. Davis
    Title:   Vice President and
                Secretary

CITIFINANCIAL, INC., a Kentucky corporation

By: _____
    Name:  Linda S. Davis
    Title:   Vice President and
            Secretary

[Signature Page to Assignment and Assumption Agreement]

CITIFINANCIAL, INC., a Maryland
corporation

By: _____
    Name:   Linda S. Davis
    Title:    Vice President and
            Secretary

[Signature Page to Assignment and Assumption Agreement]

CITIFINANCIAL, INC. NC, a North
Carolina corporation

By: _____

Name:  Linda S. Davis
Title:  Vice President and
          Secretary

CITIFINANCIAL, INC., a New York corporation

By: _____
    Name:   Linda S. Davis
    Title:    Vice President and
              Secretary

[Signature Page to Assignment and Assumption Agreement]

CITIFINANCIAL, INC., an Ohio
corporation

By: _____
    Name:   Linda S. Davis
    Title:    Vice President and
                Secretary

[Signature Page to Assignment and Assumption Agreement]

CITIFINANCIAL, INC., a South Carolina
corporation

By: _____
     Name:   Linda S. Davis
     Title:    Vice President and
               Secretary

[Signature Page to Assignment and Assumption Agreement]

CITIFINANCIAL, INC., a Tennessee
corporation

By: _____
     Name:   Linda S. Davis
     Title:    Vice President and
                   Secretary

[Signature Page to Assignment and Assumption Agreement]

CITIFINANCIAL, INC., a Texas corporation

By: _____
Name:   Linda S. Davis
Title:    Vice President and
          Secretary

[Signature Page to Assignment and Assumption Agreement]

CITIFINANCIAL, INC., a West Virginia
corporation

By: _____
    Name:   Linda S. Davis
    Title:   Vice President and
            Secretary

[Signature Page to Assignment and Assumption Agreement]

CITIFINANCIAL SERVICES, INC., a
California corporation

By: _____
Name: Linda S. Davis
Title: Vice President and
Secretary

[Signature Page to Assignment and Assumption Agreement]

CITIFINANCIAL SERVICES, INC., a
Delaware corporation

By: _____
    Name:   Linda S. Davis
    Title:    Vice President and
               Secretary

[Signature Page to Assignment and Assumption Agreement]

CITIFINANCIAL SERVICES, INC., a
Georgia corporation

By: _____
    Name:   Linda S. Davis
    Title:    Vice President and
             Secretary

[Signature Page to Assignment and Assumption Agreement]

CITIFINANCIAL SERVICES, INC., a
Kentucky corporation

By: _____
    Name:   Linda S. Davis
    Title:    Vice President and
              Secretary

[Signature Page to Assignment and Assumption Agreement]

CITIFINANCIAL SERVICES, INC., a
Massachusetts corporation

By: _____
Name:   Linda S. Davis
Title:   Vice President and
        Secretary

[Signature Page to Assignment and Assumption Agreement]

CITIFINANCIAL SERVICES, INC., a
Minnesota corporation

By: _____

Name:   Linda S. Davis
Title:    Vice President and
          Secretary

[Signature Page to Assignment and Assumption Agreement]

CITIFINANCIAL SERVICES, INC., a
Missouri corporation

By: _____
    Name:   Linda S. Davis
    Title:    Vice President and
               Secretary

[Signature Page to Assignment and Assumption Agreement]

CITIFINANCIAL SERVICES, INC., an
Ohio corporation

By: _____
    Name:   Linda S. Davis
    Title:    Vice President and
               Secretary

[Signature Page to Assignment and Assumption Agreement]

CITIFINANCIAL SERVICES, INC., an
Oklahoma corporation

By: _____
    Name:   Linda S. Davis
    Title:    Vice President and
               Secretary

[Signature Page to Assignment and Assumption Agreement]

CITIFINANCIAL SERVICES, INC., a
Pennsylvania corporation

By: _____
    Name:   Linda S. Davis
    Title:    Vice President and
             Secretary

[Signature Page to Assignment and Assumption Agreement]

CITIFINANCIAL SERVICES, INC., a
Virginia corporation

By: _____

Name:   Linda S. Davis
Title:   Vice President and
         Secretary

[Signature Page to Assignment and Assumption Agreement]

**ANNEX I**

**LIST OF TRANSFERORS**

| Transferor | State of Incorporation |
| --- | --- |
| CitiFinancial, Inc. | Maryland |
| CitiFinancial Corporation, LLC | Delaware |
| CitiFinancial Services, Inc. | California |
| CitiFinancial Corporation | Colorado |
| CitiFinancial Services, Inc. | Delaware |
| CitiFinancial Services, Inc. | Georgia |
| CitiFinancial Services, Inc. | Ohio |
| CitiFinancial Services, Inc. | Massachusetts |
| CitiFinancial Services, Inc. | Minnesota |
| CitiFinancial Services, Inc. | Missouri |
| CitiFinancial Services, Inc. | Oklahoma |
| CitiFinancial Services, Inc. | Pennsylvania |
| CitiFinancial Services, Inc. | Virginia |
| CitiFinancial Services, Inc. | Kentucky |
| CitiFinancial, Inc. | Iowa |
| CitiFinancial, Inc. | Kentucky |
| CitiFinancial, Inc. | New York |
| CitiFinancial Company | Delaware |
| CitiFinancial, Inc. NC | North Carolina |
| CitiFinancial, Inc. | Ohio |
| CitiFinancial, Inc. | South Carolina |
| CitiFinancial, Inc. | Tennessee |
| CitiFinancial, Inc. | Texas |
| CitiFinancial, Inc. | West Virginia |

**Schedule 1(a)**

**LT Purchased Receivables**

[See the electronic data file as set forth as file "LT Purchased Receivables" on the CD-ROM being delivered by Owners in connection herewith.]

**Schedule 1(b)**

**GT Purchased Receivables**

[See the electronic data file as set forth as file "GT Purchased Receivables" on the CD-ROM being delivered by Owners in connection herewith.]

## Limited Power of Attorney

WHEREAS each of CVI Loan Trust I and CVI Loan GT Trust I, each, a Delaware statutory trust (together, the "Grantors", and each, a "Grantor"), has retained Resurgent Capital Services LP, a Delaware limited partnership ("Servicer"), to service, collect, liquidate and manage certain Accounts (as defined below) on behalf of the Grantor pursuant to that certain Servicing Agreement, dated as of September 6, 2013, among Grantors and Servicer (as amended, supplemented or otherwise modified from time to time, the "Servicing Agreement"), and the Grantors hereby issue this Limited Power of Attorney in favor of Servicer in connection with the Servicing Agreement. As used herein, (i) "Account" means each consumer loan, receivable or account that Servicer has been, or is hereafter, engaged to service or collect on behalf of the Grantors pursuant to the Servicing Agreement, and (ii) "Mortgage Account" means any Account constituting, arising from or related to a fixed-rate mortgage loan or home equity line of credit, including any such Account designated as "EquityPlus".

Now, therefore, each Grantor does hereby constitute and appoint Servicer and its officers, designated employees and authorized agents (collectively referred to as "Resurgent") as such Grantor's true and lawful attorney-in-fact and hereby authorizes Resurgent to act in such Grantor's name, place and stead as fully and with the same effect as if such Grantor were present and acting on its own behalf with respect to each Account for the following limited purposes:

1. conducting foreclosure or repossession actions with respect to any Account that is not a Mortgage Account;

2. executing any document or instrument needed to market, sell, or transfer ownership of property owned as a result of foreclosure, surrender or other form of repossession of any Collateral securing any Account that is not a Mortgage Account;

3. endorsing, as agent of Grantor(s), any checks or other instruments made payable to Grantor and received as payment with respect to any Account;

4. executing any document or instrument needed to release, satisfy, convey, or assign any Account or any lien or security interest on collateral securing an Account;

5. signing claims and notices of transfers of claims regarding any Account;

6. executing any document or instrument and authorizing any action that is proper or necessary in asserting, protecting or realizing the Grantors' ownership rights in any Account or prosecuting the Grantors' ownership duties with respect to any Account; and

7. executing any court document, affidavit or statement required to introduce account information, business records or to describe a transfer of ownership, in each case, with respect to any Account;

in each case, in accordance, with and subject to all the terms and conditions of, the Servicing Agreement; provided, however, that notwithstanding anything to the contrary herein, in no event shall any Grantor be deemed to have ratified any actions constituting gross negligence or willful misconduct of Servicer.

This Limited Power of Attorney (and the limited powers of attorney granted by Grantors to Servicer hereunder) shall terminate upon the earlier to occur of (a) Grantors' delivery to Servicer of written notice of such termination (which notice Grantors may deliver at any time in their sole discretion) and (b) termination of the Servicing Agreement in accordance with its terms.

This Limited Power of Attorney shall be governed by and construed in accordance with the laws of the State of New York, without resort to any conflict of laws rules or principles that would apply the substantive laws of any other jurisdiction.

(Signature pages follow)

IN WITNESS THEREOF, each Grantor has executed this Limited Power of Attorney on this 20th day of November, 2013.

**CVI LOAN TRUST I**, a Delaware statutory trust, as a Grantor

By: U.S. Bank National Association, not in its individual capacity, but solely as Trustee

By: _____

Name: Becky Warren

Title: Vice President

Witnessed by: _____    Witnessed by: _____

Name: Susan Kranz    Name: Toby Robillard

STATE OF MINNESOTA

COUNTY OF RAMSEY

On this, the 20th day of November, 2013, the foregoing instrument was acknowledged before me, a notary public, in and for the State of Minnesota by Becky Warren, personally known to me, acknowledged that she executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

Tiffany M. Jeanson

Commission Expires: January 31, 2014

Notary Public

TIFFANY M. JEANSON
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31 2014

**CVI LOAN GT TRUST I**, a Delaware
statutory trust, as a Grantor

By: U.S. Bank National Association, not in
its individual capacity, but solely as
Trustee

By: _____

Name: Becky Warren
Title: Vice President

Witnessed by: _____     Witnessed by: _____ 

Name: Susan Kranz                Name: Toby Robillard

STATE OF MINNESOTA
COUNTY OF RAMSEY

On this, the 20th day of November, 2013, the foregoing instrument was acknowledged
before me, a notary public, in and for the State of Minnesota by Becky Warren,
personally known to me, acknowledged that she executed the same for the purposes
therein contained.

In witness whereof, I hereunto set my hand and official seal.

Tiffany M. Jeanson
Commission Expires: January 31, 2014
Notary Public

TIFFANY M. JEANSON
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31 2014